THE SOUTHWESTERN RAILROAD COMPANY and THE CITY OF ALBANY, plaintiffs in error, *vs.* JOHN SCREVEN, Receiver, defendant in error.

When the Brunswick and Albany Railroad had, at great expense, graded a street of the city of Albany of sufficient width for laying therein two railroad tracks, on an assurance from the City Surveyor that, should the Southwestern Railroad desire also to use the street, the city would require the Southwestern Railroad to pay to the Brunswick and Albany Railroad half the expense of the said grading, etc., and the City Council afterwards, in view and furtherance of the said assurance, granted to the Southwestern Railroad the right to use said street, provided it paid to the Brunswick and Albany Railroad the half of said expense, and the Brunswick and Albany Railroad laid their track so as to conform to this grant of the city to the Southwestern Railroad :

*Held,* That equity will restrain the city of Albany from revoking the conditions of their grant to the Southwestern Railroad and directing the money to be paid to the city, and will also restrain the Southwestern Railroad from paying the money to the city.

Injunction. Receiver. Before Judge COLE. At Chambers. Bibb county. March 2d, 1872.

John Screven, as Receiver of the Brunswick and Albany Railroad, presented his bill for injunction to Judge Cole, containing the following allegations : That the Brunswick and

Albany Railroad, having finished its line of track from the seaboard to the city of Albany, and being desirous of passing through said city on its way westward, entered into negotiations with said city, the result of which was a contract to the effect that said city would appoint one J. A. Maxwell its surveyor and engineer, and that he should draw up certain specifications of the grading, embankment and other work, in accordance with the views of said city, and if the Brunswick and Albany Railroad would comply therewith, the said road should have the right of way through said city by way of North-street; that said Railroad complied with the onerous and expensive conditions imposed on it by said city; that in the negotiations with said city it was expected that the Southwestern Railroad would desire to pass through said North-street when its line was completed to Albany, and that it was understood and agreed that, before the right of way should be given by said city to said Southwestern Railroad, it should be required to pay to the Brunswick and Albany Railroad one-half of the expense incurred in excavating, grading, etc., on North-street; that the Brunswick and Albany Railroad was about to locate its track in the centre of said street when it was appealed to by the Southwestern Railroad to place said track a proper distance south of the centre, in order to leave room on the north side for its track; that the Brunswick and Albany Railroad complied with this request; that the Southwestern Railroad then applied to the city of Albany for permission to run through said North-street, which was granted, conditioned upon its paying to the Brunswick and Albany Railroad one-half of the expense incurred in excavating and grading said street, as was agreed and understood between the city of Albany and the Brunswick and Albany Railroad; that the Southwestern Railroad is now laying its track through said North-street; that said city of Albany, in violation of complainant's rights, has recently passed a resolution requiring said Southwestern Railroad to pay into the city treasury the half of the expense of the

Brunswick and Albany Railroad in excavating, grading, etc., of North-street; that the Southwestern Railroad is colluding with the city of Albany, hoping to settle with said city for an inconsiderable sum, and in violation and fraud of the rights of complainant. Prayer for injunction, restraining the Southwestern Railroad from paying over said fund to the city of Albany, and the city of Albany from receiving it. There was no allegation in the bill that the Southwestern Railroad or the city of Albany was insolvent.

After notice and argument, Judge Cole, on March 2d, 1872, sanctioned the bill and ordered the injunction to issue, and plaintiffs in error excepted.

SMITH & JONES; CLARK & GOSS; VASON & DAVIS, for plaintiffs in error.

NISBETS & JACKSON; A. W. HAMMOND & SON, for defendant.

McCAY, Judge.

It can hardly be disputed that this attempt of the city of Albany to alter its contract with the Brunswick and Albany Railroad is a wrong to that company. Whether the contract was one which could have been enforced as a contract, is not the question. After the Brunswick and Albany Road had acted on it, done the work under the eye of the city, it is too late for the city to say, our contract does not bind us.

The only question of any doubt is the right to the injunction. Were the Brunswick and Albany Railroad a solvent road, going on in its usual business, we might hesitate to infere. But the Brunswick and Albany Railroad is in the hands of a Court of equity, with all its rights; one of those rights is the right to the value of this work, which the Southwestern Road is to pay. We think its payment to the city of Albany would complicate the matter. In strict law they are the owners of the street, but they have transferred the

equitable right to this money to the Brunswick and Albany Railroad. It is an equitable fund—a Court of equity has a present possession of all its interests, and we think its jurisdiction is complete to stop the fund where it is.

Judgment affirmed.